ENOCH MORRIS *vs.* HEZEKIAH R. FOOTE, et al.

*Verdict for Complainant, and Motion for New Trial.*

1. The answer of one defendant, in a Bill in Equity, is evidence against a co-defendant, who is his privy in estate.

2. The improper admission of evidence is no ground for a new trial, when the facts, shown by it, are proved by other testimony.

3. *Conceditur.* Delaying, for a consideration, the levy of an execution against the principal, by which delay he becomes less able to pay it, will discharge the security on appeal.

This was a bill, filed by complainant, who was the security on appeal, in a suit, brought upon a promissory note, made by James B. Waller and William Morris, payable to John Anderson, which suit was brought in the name of John Anderson, for the use of John Meritt, against the said Waller and William Morris. The bill alleges that, after final judgment was rendered, on the appeal, in said case, the execution, issued upon the same, was transferred, by the said Meritt, to the said Foote, and that, after said transfer, said Foote made a contract with said Waller, the principal in said execution, and received from him a consideration, for forbearance on the said fi. fa. without consent of the said Enoch Morris, the security on the appeal. The bill further charges, that the said fi. fa. had been paid off, to the said Foote, with the money and property of the said Waller, and kept open, fraudulently, by the said Foote, and that he is now endeavoring to collect the money, due on said fi. fa. out of the said complainant, Morris. Wherefore he prays, that the said Hezekiah Foote may be perpetually enjoined, from the collection of said fi. fa. out of the said complainant. There have been two trials in this case, before two Special Juries, both of whom found for the complainant. After the last trial, at the last term of this Court, the defendant's counsel moved for a new trial, upon the following grounds:

1st. Because the Court erred, in directing the Jury, that the an-

[Morris vs. Foote, et al.]

swer of John Anderson was evidence against the said Foote, as one derived title from the other, and they were, therefore, privies.

2nd. Because the Court erred in charging the Jury, that, if the said Foote granted to Waller a delay in collecting the fi. fa. on a verbal contract, for a consideration, and that by such delay, Waller became less able to pay the debt; the judgment security was thereby discharged.

3rd. Because the finding is contrary to Law and evidence.

Upon the argument of the rule, the two latter grounds have been abandoned, by defendant's counsel. It therefore only becomes necessary to enquire, whether the first ground be well founded. It is a general rule, that the answer of one defendant is not evidence, against his co-defendant; but to this rule, as to all others, there are exceptions; and one of the exceptions is, when one defendant succeeds to another, and they become privies in estate, (*Wheeler's Amer. D.* 342–3; Osborn *vs.* The U. S. Bank, 9 *Wheaton,* 738); and another is, when one defendant claims through another, or when they are all proved to be partners, in the same transaction.—Field, et al. *vs.* Holland, et al. 6 *Cranch,* 8; Clarke's Ex'rs. *vs.* Van Reimsdeck, 9 *Cranch,* 153. Then, as Foote derived his title to this execution from Meritt, who was the usee of Anderson, the plaintiff, they were privies in estate, and therefore, would seem to fall within the exception to the general rule, on this subject. But it is contended, that the answer of Anderson ought not to have been considered as evidence, against Foote, for the reason, that he had parted with all interest in the note, and was, in fact, interested to have the judgment set aside. There is no doubt, that Anderson's answer would have been competent evidence, against Foote, so far as any payment, or indulgence, may have been given, while he was the legal owner of the note, or judgment; and it is somewhat difficult to conceive, why his answer should not be evidence as to facts of the same nature, which might have occurred afterwards, provided the facts came within his knowledge. And I think a strong reason, in favor of this position, is this; that, being a party to the record, he could not be examined as a witness; and if the complainant could not procure his evidence, by means of his answers to a bill; he would be deprived of

[Morris *vs.* Foote, et al.]

his testimony. But, admit the fact, that the Court did err, in directing the Jury, that this answer was evidence against the defendant, Foote; it remains to be seen, whether a new trial ought to be granted, for this reason. The rule, with regard to the admission of illegal testimony, is this: that a verdict will not be set aside, on this ground, provided there be sufficient evidence, without it, to authorise the finding of the Jury.*—*Graham on New Trials*, 246–7. I find upon an examination of the answer of Anderson, he states, in one place, that Foote gave Waller indulgence, but does not state that it was upon a contract, or for any consideration. This statement could not, therefore, have had any weight, upon the minds of the Jury; for a bare indulgence of this sort would not have operated as a discharge of the security. Upon the ground of payment, he states nothing, positively, as coming within his own knowledge, but says he has been informed, and believes, that the execution had been paid off. These are the only parts of his answer, which bear upon these points; and I cannot conceive, that they could have any effect upon the minds of the Jury, especially when we take into consideration the facts, which were proved by the other witnesses, which, in the opinion of the Court, were sufficient to support the verdict. This Rule Nisi was granted, mainly upon the second ground, to wit, the discharge of the security, by the indulgence. I was not satisfied, but what the Court might have erred, in its charge upon this point; as there seemed to be respectable authority, in opposition to the charge of the Court. But the more I have investigated the subject, since, the better I have become satisfied, that I was not in error; and what is quite gratifying to me, the fact is now conceded, by the able counsel for the defendant. It has been contended, in the argument, that the defendant was surprised, by the charge of the Court, upon this ground of indulgence, at the last trial, and that a new trial ought to be granted, on that ground. This is not one of the grounds, upon which the application is made; and if it were, it seems to me, that it would be establishing a dangerous precedent, to grant a new trial, merely upon the ground, that the Court had changed its opinion, between the first and the last trial, when it is conceded, that the opinion, delivered at the last trial, was correct. I have bestowed upon this case a good deal of reflection,

---

* See Mayer *vs.* Wiltberger, *Ante*, 20.

during the pendency of this rule, for the purpose of determining, whether the Court had committed any error, on the trial, which would entitle the parties to a re-hearing; and the result of that investigation is, that there is no sufficient ground, for granting a new trial.

The motion is therefore overruled.